1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   ANNA MARIE EVANS,                          CASE NO. 10cv1704-WQH-RBB

12                              Plaintiff,       ORDER
                  vs.
13   WELLS FARGO BANK, NA,
     SUCCESSOR AND OR ASSIGN TO
14   WACHOVIA BANK, FSB, FKA,
     WORLD SAVINGS BANK, FSB;
15   GOLDEN WEST SAVINGS
     ASSOCIATION SERVICE, CO., A
16   CALIFORNIA CORPORATION; ETS
     SERVICES, LLC; CHASE MERRITT
17   RESIDENTIAL, LLC; CM FUND III,
     LLC; DOES 1-50,
18
                             Defendants.
19
     HAYES, Judge:
20
             The matters before the Court are the Motions to Dismiss the Complaint filed by
21
     Defendants Chase Merritt Residential, LLC, CM Fund III, LLC, and Wells Fargo Bank as
22
     successor and/or assign to Wachovia Bank, FSB.  (ECF Nos. 3, 10).
23
     **I.      Background**
24
             On August 13, 2010, Plaintiff, proceeding pro se, initiated this action by filing the
25
     Complaint.  (ECF No. 1).  The Complaint alleges that Defendants violated federal and state
26
     law in conjunction with a loan transaction on June 28, 2005 related to real property known as
27
     1028 La Casa Drive, San Marcos, California.
28
             On September 3, 2010, Defendants Chase Merritt Residential, LLC and CM Fund III,

1   LLC (collectively, "Chase Merritt") filed a Motion to Dismiss the Complaint pursuant to
2   Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 3).

3       On September 10, 2010, Defendant Wells Fargo Bank as successor and/or assign to
4   Wachovia Bank, FSB ("Wells Fargo") filed a Motion to Dismiss the Complaint pursuant to
5   Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 10).

6       On October 4, 2010, Plaintiff filed an opposition to both pending Motions to Dismiss.
7   (ECF Nos. 12, 13).  Plaintiff contends that the Complaint should not be dismissed, and
8   alternatively, requests leave to amend her Complaint.

9       On October 8, 2010, Wells Fargo filed a reply in support of its Motion to Dismiss, and
10  Chase Merritt filed a reply in support of its Motion to Dismiss.  (ECF Nos. 14, 15).

11  **II.     Motion to Dismiss Pursuant to Rule 12(b)(1)**

12      Wells Fargo moves to dismiss the Complaint pursuant to Federal Rule of Civil
13  Procedure 12(b)(1).

14      A Rule 12(b)(1) motion to dismiss addresses the Court's subject matter jurisdiction.
15  Federal courts are courts of limited jurisdiction and lack inherent or general subject matter
16  jurisdiction.  Federal courts can only adjudicate those cases which the United States
17  Constitution and Congress authorize them to adjudicate.  *See Kokkonen v. Guardian Life Ins.*
18  *Co.*, 511 U.S. 375, 377 (1994).  The presumption is that federal courts lack jurisdiction over
19  civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.
20  *See id.*  In the federal courts, subject matter jurisdiction may arise from either "federal question
21  jurisdiction" or "diversity jurisdiction."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392
22  (1987); *see also* 28 U.S.C. §§ 1331, 1332.

23      **A.     Diversity Jurisdiction**

24      To invoke diversity jurisdiction, the complaint must allege that "the matter in
25  controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
26  between ... citizens of different States...."  28 U.S.C. § 1332(a).

27      On Plaintiff's Civil Cover Sheet, Plaintiff indicated that the basis of subject matter
28  jurisdiction is diversity.  However, the Complaint fails to allege the citizenship of each party

1   and fails to allege that the amount in controversy exceeds $75,000.  Plaintiff has failed to

2   adequately allege that diversity jurisdiction exists.

3         **B.      Federal Question Jurisdiction**

4         To invoke federal question jurisdiction, the complaint must allege that the "action[]

5   aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "In

6   order for a complaint to state a claim 'arising under' federal law, it must be clear from the face

7   of the plaintiff's well-pleaded complaint that there is a federal question....  [T]he mere

8   reference of a federal statute in a pleading will not convert a state law claim into a federal

9   cause of action if the federal statute is not a necessary element of the state law claim and no

10  preemption exists."  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997)

11  (quotation omitted).

12        The Complaint lists five causes of action: (1) "For Declaratory Relief"; (2) "Breach of

13  Contract"; (3) "For Misrepresentation and Fraud"; (4) "Quiet Title to Real Property"; and (5)

14  "For Unfair Business Practices" pursuant to California Business and Professions Code §

15  17200.  (ECF No. 1 at 9, 21, 22, 24, 25).  Each of these causes of action appear to be based in

16  state law.  The 30-page Complaint contains references to the following federal statutes: "Truth

17  in Lending Act, 15 U.S.C. § 1601"; "Privacy Act ..., 5 U.S.C. § 552(b)(4)"; "Fair Debt

18  Collections Practices Act, 15 U.S.C. § 1692 and ... 12 U.S.C. § 2605"; "Home Ownership and

19  Equity Protection Act, 15 U.S.C. § 1637"; "Federal Trade Commission Act, 15 U.S.C. §§ 41-

20  58"; and "US Federal RICO statutes."  (ECF No. 1 at 3, 13, 14, 26).  The Complaint does not

21  allege how these statutes were violated and/or how the statutes form a "necessary element" of

22  at least one of the Complaint's five causes of action.  *Easton*, 114 F.3d at 982.

23        The Court concludes that the Complaint fails to adequately allege federal question

24  jurisdiction.  The Complaint is dismissed in its entirety for lack of subject matter jurisdiction.

25  **III.   Motions to Dismiss Pursuant to Rule 12(b)(6)**

26        Each of the moving Defendants move to dismiss the Complaint pursuant to Federal Rule

27  of Civil Procedure 12(b)(6).

28        Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6).  To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the complaint alleges fraud, as Plaintiff's Complaint does in this case, Federal Rule of Civil Procedure 9(b) requires that the complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (citation and quotation omitted).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (even a "liberal interpretation ... may not supply elements of the claim that were not initially pled").

The Complaint contains conclusory allegations about "Defendants" engaging in "deceptive loan practices" and "hidden and/or disguised provisions" in the Deed of Trust,

1    without identifying the specific practices and provisions, and the specific role each Defendant

2    played in the alleged wrongdoing.  (ECF No. 1 at 9, 13).

3         The Complaint contains references to the Deed of Trust being a "Cognovit Note."  *Id.*

4    at 11, 12, 21, 28.  A cognovit is "an ancient legal device by which the debtor consents in

5    advance to the holder's obtaining a judgment without notice or hearing...." *D.H. Overmyer Co.*

6    *Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972).  A cognovit may be unconstitutional

7    under certain circumstances.  *See id.* at 185.  To the extent Plaintiff is attempting to state such

8    a constitutional claim under a cognovit note theory, Plaintiff has failed to allege a "state

9    action" sufficient to support the claim.  *Cf. Apao v. Bank of New York*, 324 F.3d 1091, 1093-95

10   (9th Cir. 2003) (holding that non-judicial foreclosure proceedings do not involve "state action"

11   sufficient to support a claim for violation of the Fourteenth Amendment of the U.S.

12   Constitution, even though such proceedings are regulated by state law); *Earl v. Wachovia*

13   *Mortg.*, No. CV09-2198, 2010 WL 2336191, at *3 (D. Ariz., June, 10, 2010) (dismissing a

14   similar "cognovit note theory" in a mortgage foreclosure case); *Geist v. Cal. Reconveyance*

15   *Co.*, No. C10-367, 2010 WL 1999854, *1-*3 (N.D. Cal., May 18, 2010) (same).

16        The Complaint also appears to challenge the foreclosure of the property at issue on the

17   basis that Defendants are not in possession of the original promissory note.  California Civil

18   Code sections 2924 through 2924*l* govern non-judicial foreclosures initiated under a deed of

19   trust.  "California courts have consistently held that the Civil Code provisions 'cover every

20   aspect' of the foreclosure process and are 'intended to be exhaustive.'" *Gardner v. Am. Home*

21   *Mortg. Servicing, Inc.*,  691 F. Supp. 2d 1192, 1202 (E.D. Cal. 2010) (quoting *I.E. Assocs. v.*

22   *Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985); *Moeller v. Lien*, 25 Cal. App. 4th 822, 834

23   (1994)).  "Under Civil Code section 2924, no party needs to physically possess the promissory

24   note." *Sicairos v. NDEX West, LLC*, No. 08cv2014, 2009 WL 385855, at *3 (S.D. Cal., Feb.

25   13, 2009) (citing Cal. Civ. Code, § 2924(a)(1)); *see also Bouyer v. Countrywide Bank, FSB*,

26   No. C 08-5583, 2009 U.S. Dist. LEXIS 53940, at *24 (N.D. Cal., June 25, 2009)

27   ("[P]ossession of the original note is not a prerequisite to foreclosure.").  Accordingly,

28   Plaintiff's allegation that Defendants are not in possession of the original promissory note does

1   not state a wrongful foreclosure claim.

2       The Court finds that, even construing Plaintiff's allegations liberally, the Complaint

3   fails to comply with the pleading requirements of Rules 8 and 9(b) and fails to state a claim

4   upon which relief may be granted.

5   **IV.**    **Conclusion**

6       IT IS HEREBY ORDERED that the Motions to Dismiss are GRANTED.  (ECF Nos.

7   3, 10).  The Complaint is DISMISSED without prejudice for failure to adequately allege

8   subject matter jurisdiction.  No later than thirty (30) days from the date this Order is filed,

9   Plaintiff may file a first amended complaint which addresses the pleading deficiencies

10  discussed in this Order.

11  DATED:  November 16, 2010

12

13                       **WILLIAM Q. HAYES**
                          United States District Judge